## U. S. FEDERAL COURTS

### Districts, Judges, Officers, Proceedings and Opinions

# DISTRICT COURTS of U. S.

No. 761

UNITED STATES v. FREUND

U. S. District Court, Montana

No. 1055. Decided July 6, 1923

### 225. INTOXICATING LIQUORS.

Physicians' liquor subscriptions—National Prohibition Act limiting is invalid—Maximum dose provision is invalid—Prescription form requirements are valid.

BOURQUIN, J.

#### Epitomized Opinion

J. B. Freund, a physician, was informed against the U. S. District Court of Montana on three counts for violating the National Prohibition Act requiring subscriptions by physicians. The first count charged that Freund issued more than 100 prescriptions in 90 days, contrary to law; the second count charged that he prescribed more than one-half pint of alcohol for the use of the same person with a period of 10 days; and the third count charged that the prescriptions had been issued on forms other than okcial forms. A demurrer was sustained to the last two of the three counts upon the ground that the act was unconstitutional. The District Court in its opinion held:

1. The provisions of the National Prohibition Act and its supplement prohibiting physicians fiom issuing more than 100 subscriptions in any period of 90 days is an arbitrary restriction of the number of patients a physician shall treat, and is invalid.

So long as Congress sanctions the use of, alcohol as a remedial agent, it is unreasonable for it to attempt to prescribe the maximum dosage a physician can prescribe for any patient within a given period of time, and the provision of the Federal Prohibition Act limiting the amount to one-half pint within any period of 10 days is invalid.

3. The requirement of the National Prohibition Act that a physician shall write a prescription for intoxicating liquors only on forms provided by the Commissioner, except in emergencies, with other provisions intended to prevent the abuse of alcohol in the guise of remedies, is valid.

**Attorneys**—John L. Slattery, for U. S.; Walker & Walker, for Freund.

No. 762

UNITED STATES v. INTOXICATING LIQUORS

District Court, D, New Hampshire

No. 230. 290 Fed. 824. Decided June 27, 1923

### 225. INTOXICATING LIQUORS.

Evidence of sales induced by a federal officer to entrap cannot convict—Where defense is entrapment, officers joining must have had suspicion, or original suggestion from accused—Wrongful seizure by officers violates law as to destruction of liquors.

MORRIS, D. J.

#### Epitomized Opinion

This was a proceeding by the U. S. for the destruction of 168 bottles of intoxicating liquor. The action was brought in the U. S. District Court of New Hampshire. One Abram Guay appeared as claimant The evidence disclosed that two federal officers went into the Province of Quebec for the purpose of obtaining information about transporting intoxicating liquors. While there they met Alexander Guay, the son of the claimant. They finally induced him to quote them prices to deliver a quantity of liquor to various point in New Hampshire and Vermont. The liquor was delivered in the absence of the claimant. The claimant admitted that the boy had authority to make sales for him, but claimed that neither himself nor the boy had ever made any sales in the United States. In denying the government's petition, the court held:

1. Where a person having no intention of committing a crime is induced by a federal officer to do so, he cannot be convicted on the evidence so obtained.

2. Where the defense in a criminal case is entrapment, and the evidence consists of testimony by officers joining with defendant for the alleged purpose of detecting the crime, to warrant a conviction the officers must have had reasonable suspicion that the defendant was engaged in the commission of a crime or was about to be so engaged, or the original suggestion or initiative must have come from the accused.

3. Liquor brought into this jurisdiction from a foreign country through the enticement of federal officers and coming into the possession of such officers as the result of an unauthorized and wrongful seizure is a violation of the National Prohibition Act relating to the destruction of intoxicating liquors.

**Attorneys**—Raymond U. Smith, for United States; Merrill Shurtleff, for claimant.